## In re: MEDTRONIC, INC., SPRINT FIDELIS LEADS PRODUCTS LIABILITY LITIGATION.

---

\* Judge Heyburn did not participate in the disposition of this matter.

1. In addition to the 27 actions now before the Panel, the parties have notified the Panel of

**MDL No. 1905.**

United States Judicial Panel on Multidistrict Litigation.

Feb. 21, 2008.

Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II, Chairman\*, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA, Judges of the Panel.

## TRANSFER ORDER

D. LOWELL JENSEN, Acting Chairman.

**Before the entire Panel \*:** Plaintiffs in four actions have separately moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation. No party opposes centralization. The parties variously urge the selection of the following districts to serve as the transferee forum: the Northern District of California, the Southern District of Florida, the District of Kansas, the District of Minnesota, the Western District of Missouri, the Eastern District of New York, the Northern District of Ohio, the District of Puerto Rico, or the Southern District of West Virginia.

This litigation currently consists of 27 actions listed on Schedule A and pending in eight districts as follows: eight actions in the District of Puerto Rico, five actions each in the Southern District of Florida and the District of Minnesota, three actions in the Western District of Louisiana, two actions each in the Northern District of California and the Eastern District of Louisiana, and one action each in the District of Kansas and the Western District of Missouri.[1]

---

60 related actions pending in various districts across the country. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

On the basis of the papers filed and hearing session held, we find that these 27 actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions concerning similar allegations relating to injuries arising from the implantation of Sprint Fidelis leads, which are small wires attached at one end to an implantable cardiac device and at the other end directly to heart tissue that allow the device to monitor and, when necessary, deliver the shocks necessary to correct various heart arrhythmias. Defendant Medtronic, Inc. (Medtronic) recalled all non-implanted Sprint Fidelis leads in October 2007. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to certification of class actions; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Minnesota is an appropriate transferee forum for this litigation. Because Medtronic has its headquarters within the District of Minnesota, relevant discovery may be found there. Transfer to this district also provides a centrally located forum for actions filed in several locations nationwide.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Richard H. Kyle for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

## SCHEDULE A

MDL No. 1905. — **IN RE MEDTRONIC, INC., SPRINT FIDELIS LEADS PRODUCTS LIABILITY LITIGATION**

*Northern District of California*

*Jeneane Baque v. Medtronic, Inc.,* C.A. No. 3:07–5352

*Willie West, et al. v. Medtronic, Inc.,* et. al., C.A. No. 3:07–5697

*Southern District of Florida*

*John North v. Medtronic, Inc.,* et al., C.A. No. 1:07–22764

*Eugene Clasby v. Medtronic, Inc.,* et al., C.A. No. 1:07–22768

*Mary M. Wardwell, etc. v. Medtronic, Inc.,* et al., C.A. No. 9:07–81034

*Doug Venning v. Medtronic, Inc.,* et al., C.A. No. 9:07–81056

*Leroy Coffee v. Medtronic, Inc.,* et al., C.A. No. 9:07–81094

*District of Kansas*

*Phillip S. Brown v. Medtronic, Inc.,* et al., C.A. No. 2:07–2542

*Eastern District of Louisiana*

*Keith Paul Trosclair v. Medtronic, Inc.,* et al., C.A. No. 2:07–7565

*Henry J. Theriot, et al. v. Medtronic, Inc.,* et al., C.A. No. 2:07–8441

*Western District of Louisiana*

*Randall Stone v. Medtronic, Inc.,* et al., C.A. No. 3:07–1902

*Mattie Ley Johnson Londo v. Medtronic, Inc.,* et al., C.A. No. 6:07–1809

*Dianna Sonnier v. Medtronic, Inc.,* et al., C.A. No. 6:07–1889

*District of Minnesota*

*Kelly Luisi, et al. v. Medtronic, Inc.,* et al., C.A. No. 0:07–4250

*Harvey Lee Conway, Jr., et al. v. Medtronic, Inc., et al.,* C.A. No. 0:07–4270

*Linda J. White v. Medtronic, Inc., et al.,* C.A. No. 0:07–4412

*Rodney C. Kesti v. Medtronic, Inc., et al.,* C.A. No. 0:07–4442

*Jesse Noonan v. Medtronic, Inc., et al.,* C.A. No. 0:07–4528

*Western District of Missouri*

*Kenneth R. Carlile v. Medtronic, Inc., et al.,* C.A. No. 5:07–6110

*District of Puerto Rico*

*Russell Nelson, et al. v. Medtronic, Inc., et al.,* C.A. No. 3:07–1969

*David Wood v. Medtronic, Inc., et al.,* C.A. No. 3:07–1971

*Frederick Santitoro, et al. v. Medtronic, Inc., et al.,* C.A. No. 3:07–1972

*Norman Black v. Medtronic, Inc., et al.,* C.A. No. 3:07–2014

*Gilberto Colon–Perez, et al. v. Medtronic, Inc., et al.,* C.A. No. 3:07–2021

*William E. Storms v. Medtronic, Inc., et al.,* C.A. No. 3:07–2049

*Gerald Phaup, Jr. v. Medtronic, Inc., et al.,* C.A. No. 3:07–2050

*Carlos Milan, et al. v. Medtronic, Inc., et al.,* C.A. No. 3:07–2064